IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**ANGEL PERRONE, as personal representative of the ESTATE OF RITA THIBAULT and on behalf of her survivors,**

    **Plaintiff,**                                 Case No.:

vs.

**CENTURION OF FLORIDA, LLC;
DR. CARLOS GONZALEZ PAGAN, individually; CRYSTAL REDMON, LPN, individually;**

    **Defendants.**

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Angell Perrone, as Personal Representative of the Estate of RITA THIBAULT., on behalf of the Estate of RITA THIBAULT and on behalf of her survivor, ASHTON JAIME PADGETT, her minor child, brings this action seeking monetary damages, attorney's fees and costs against Defendants and alleges the following:

### GENERAL ALLEGATIONS

1. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1367.

2. Venue is proper under 28 U.S.C. §1391(b). On information and belief, one or more Defendants reside in this judicial district, and a substantial portion of the events giving rise to the claims asserted herein occurred within this district.

3. All conditions precedent to the filing of this action have been performed or have occurred, including compliance with all pre-suit requirements of Chapter 766, Fla. Stat. (2015),

compliance with all notification and other requirements of §768.28, Fla. Stat. (2015), and the filing of an automatic 90-day extension of the statute of limitations for medical malpractice causes of action pursuant to §766.104, Fla. Stat. (2019).

4. Plaintiff, ANGEL PERRONE, is a citizen of the United States, the mother of Rita Thibault. and the duly appointed Personal Representative of the Estate of Rita Thibault, deceased. This action is brought by ANGEL PERRONE, in her capacity as the Personal Representative of the Estate of RITA THIBAULT and on behalf of Ms. THIBAULT's survivors, Ashton Jaime Padgett, her minor child. At all times relevant, Ms. THIBAULT was incarcerated at Lowell Correctional Institution ("Lowell"), located in Marion County, Florida.

5. Defendant, DR. CARLOS GONZALEZ PAGAN, was at all times relevant, a physician who was an agent and/or employee of Defendant FLORIDA DEPARTMENT OF CORRECTIONS and CENTURION OF FLORIDA, LLC.  At all times relevant, Defendant PAGAN was under contract to furnish health care services to inmates at Lowell and was responsible for the medical care and treatment of inmates at Lowell.  At all times relevant, Defendant PAGAN acted under color of state law.

6. Defendant CRYSTAL REDMOND, LPN, was at all times relevant a nurse who was an agent and/or employee of the FLORIDA DEPARTMENT OF CORRECTIONS AND CENTURION OF FLORIDA, LLC.  At all times relevant, Defendant REDMOND was under contract to furnish healthcare services to inmates at Lowell and was responsible for the medical care and treatment of inmates at Lowell.  At all times relevant, Defendant REDMOND acted under color of state law.

7. Defendant CENTURION OF FLORIDA, LLC ("CENTURION") is a limited liability corporation based in Plantation, Florida that, pursuant to a contract with the FLORIDA

DEPARTMENT OF CORRECTIONS, is responsible for furnishing healthcare services to inmates at Lowell.

## FACTUAL ALLEGATIONS

8. Plaintiff's claims arise out of the death of Ms. RITA THIBAULT, which was caused by untreated pneumonia contracted while she was incarcerated at Lowell.

9. On or about January 24, 2018, Ms. THIBAULT arrived at Lowell.

10. Ms. THIBAULT did not exhibit any significant respiratory issues at the time of her admission.

11. On February 24, 2018, Ms. THIBAULT began exhibiting symptoms that included shortness of breath, lethargy, chills, chest pain, coughing and body aches.

12. These symptoms were indicative of acute pneumonia; an active infection of the lungs from exposure to microbiological pathogens that causes the patient's lungs to fill with fluid.

13. Pneumonia is common at institutions like Lowell, where inmates are housed in close living arrangements of up to one-hundred women living in a single dorm. Respiratory illnesses, such as pneumonia, are the fourth leading cause of death in state and federal prisons. Margaret E. Noonan, *Mortality in State Prisons, 2001-2014 Statistical Tables*, BUREAU OF JUSTICE STATISTICS (December 2016).

14. On February 28, 2018 at 10:00 a.m., despite having a symptomology that was classic for acute pneumonia, Ms. THIBAULT was not taken to a clinic for treating acute illnesses, but the gastrointestinal chronic illness clinic.

15. Furthermore, Ms. THIBAULT did not receive any kind of examination or treatment for four days after these symptoms became apparent.

16. Defendant REDMOND was the Licensed Practical Nurse ("LPN") who examined Ms. THIBAULT at the chronic illness clinic on February 28, 2018.

17. Defendant Dr. PAGAN was the doctor who oversaw the chronic illness clinic and performed an examination of Ms. THIBAULT on February 28, 2018.

18. Defendants REDMOND and Dr. PAGAN conducted an examination of Ms. THIBAULT that lasted for thirty minutes.

19. Defendants REDMOND and PAGAN noted during their examination that Ms. THIBAULT was "coughing a lot" and "spitting green" phlegm.

20. Typically, phlegm contained in the lungs is clear or white. Green-colored phlegm indicates an infection in the lungs.

21. Furthermore, Defendant Dr. PAGAN noted that heard rhonchi during the examination of Ms. THIBAULT.

22. Rhonchi are indicative of fluid housed in the passages of the lungs. Rhonchi are abnormal for individuals with healthy lungs and occur when a person suffers a lower respiratory infection, such as bronchitis and pneumonia.

23. Defendants REDMOND and PAGAN's examination also revealed that Ms. THIBAULT had a heightened respiratory rate of twenty (20) breaths per minute.

24. A person respirating at a normal rate will exhibit ten (10) to fourteen (14) breaths a minute. A person who is hyperventilating will exhibit fourteen (14) to sixteen (16) breaths a minute. Ms. THIBAULT's unusually high respiratory rate was likewise classic symptomology of someone suffering from acute pneumonia.

25. Given these symptoms, any medical professional would recognize that Ms. THIBAULT was at substantial risk of death or serious injury from acute pneumonia.

26. Furthermore, Defendants REDMOND and PAGAN were subjectively aware that Ms. THIBAULT was at risk of catching pneumonia, as they ordered that she receive a pneumonia vaccine after the examination. A pneumonia vaccine has no effect at treating pneumonia once it has been contracted.

27. Despite the obvious risk posed by acute pneumonia and Defendants REDMOND and Dr. PAGAN's awareness of this risk, neither Defendant REDMOND nor Dr. PAGAN administered any antibiotics or treatment of recognized efficacy for acute pneumonia.

28. Even if this treatment regimen were arguably sufficient, Ms. THIBAULT's medical records indicate that she was never administered this treatment, because the facility did not have the prescribed medications in stock.

29. Furthermore, Defendants REDMOND and Dr. PAGAN failed to perform any follow-up studies to confirm the nature of Ms. THIBAULT's respiratory issues.

30. A chest X-ray, which are readily available at Lowell, would have confirmed the existence of acute pneumonia and the need for immediate emergency hospitalization.

31. Furthermore, an oxygen saturation test, also readily available at Lowell, would have detected the presence of acute pneumonia and the need for immediate emergency hospitalization.

32. Finally, Defendants REDMOND and Dr. PAGAN scheduled Ms. THIBAULT for a follow-up visit in 180 days.

33. Given that respiratory infections can develop and become life threatening in a matter of hours, this lack of follow up speaks to deliberate indifference—and, indeed outright abandonment—of Ms. THIBAULT's medical care.

34. At 10:30 a.m., Defendants REDMOND and Dr. PAGAN released Ms. THIBAULT from the chronic illness gastrointestinal clinic without making any effort to ensure she received medication or timely follow up at a respiratory clinic.

35. On March 1st, 2018, at about 1:30 a.m., Ms. THIBAULT collapsed while security staff were walking her from her dormitory to medical.

36. Shortly thereafter, she was escorted to the medical unit in a wheelchair.

37. Upon arrival at the medical wing, Lowell medical staff noted that Ms. THIBAULT's blood pressure levels were 88/62, which are considered shock levels

38. Furthermore, Ms. THIBAULT's respiration rate was now at twenty-four (24) breaths per minute.

39. During this examination, medical personnel did perform an oxygen saturation test and noted an oxygen saturation of 73%.

40. These test results indicated that by the time Ms. THIBAULT was seen on March 1, she was in near pulmonary shutdown. Oxygen saturation levels below 70% are considered irreversible.

41. At approximately 2:25 A.M. on March 1st, 2018, Ms. THIBAULT was transported by ambulance to Ocala Regional Medical Center.

42. On March 2, 2018 at 12:35 p.m., Ms. THIBAULT died.

43. Following Ms. THIBAULT's death, a forensic autopsy was performed and observed that she died of hypoxia caused by pneumonia.

44. The forensic pathologist found a total of 900cc's (30.4 ounces) of fluid in her lungs; 500 cc's (16.9 ounces) in her right, and 400 cc's (13.5 ounces) in her left.

45. As a point of comparison, a 7-Eleven "Big-Gulp" beverage contains a total of thirty (30) ounces of liquid. https://www.nytimes.com/2012/06/07/nyregion/7-eleven-big-gulps-are-immune-from-proposed-new-york-city-ban.html

46. Ms. THIBAULT'S death was the direct and proximate result of Defendants REDMOND and Dr. PAGAN's deliberate indifferent failure to provide treatment or diagnose her acute pneumonia, a treatable and common condition in a prison environment.

47. Had timely treatment been provided at the time Ms. THIBAULT first began to exhibit classic symptoms of acute pneumonia or when such symptoms were uncovered during the examination by Defendants REDMOND and DR. PAGAN, Ms. THIBAULT's death would have been prevented.

## COUNT I
## 42 U.S.C. §1983: DELIBERATE INDIFFERENCE
(Defendant Pagan)

48. Paragraphs 1 through 47 above are adopted and incorporated by reference herein.

49. Defendant Dr. PAGAN, acting under color of state law, failed to provide or secure adequate medical care and treatment to Ms. THIBAULT.

50. Defendant Dr. PAGAN was deliberately indifferent towards Ms. THIBAULT's serious medical needs by failing to provide or secure adequate medical care and treatment despite actual knowledge of Ms. THIBAULT's serious medical conditions and needs.

51. Defendant Dr. PAGAN was subjectively aware of the risk of death or serious harm to Ms. THIBAULT. Ms. THIBAULT presented classic symptomology for acute pneumonia during Defendant PAGAN's examination, including unusually high respiratory levels and coughing green phlegm. Furthermore, acute pneumonia is a common and highly treatable illness

in a prison setting and Dr. PAGAN was aware that Ms. THIBAULT had not received a pneumonia vaccination.

52. Despite having knowledge of this risk, Defendant Dr. PAGAN acted with deliberate indifference by failing to take any steps to diagnose or treat the acute respiratory condition that Ms. THIBAULT presented. Dr. PAGAN's deliberate indifference is demonstrated by the numerous failures to provide basic medical care for a person presenting with respiratory issues, including, failure to ensure Ms. THIBAULT actually received the medication she was prescribed, failure to perform a chest X-ray or oxygen saturation test, failure to schedule timely follow up care with a respiratory clinic, and failure to secure immediate emergency medical care upon learning that Ms. THIBAULT exhibited clear symptomology of acute pneumonia.

53. Defendant Dr. PAGAN's deliberate indifference to MS. THIBAULT's needs violated Ms. THIBUALT's due process rights under the Eighth Amendment to the United States Constitution.

54. Defendant Dr. PAGAN's actions and/or omissions were done with malice and/or reckless indifference to Ms. THIBAULT's federally protected rights.

55. As a direct and proximate result of Defendant Dr. PAGAN's deliberate indifference to Ms. THIBAULT's serious medical needs, Ms. THIBAULT died.

56. As a direct and proximate cause of Dr. PAGAN's deliberate indifference to Ms. THIBAULT's serious medical needs, ANGEL PERRONE, as personal representative of the Estate of RITA THIBAULT, as well as on behalf of Ms. THIBAULT's survivors, suffered damages, including, but not limited to, lost support and services, lost parental companionship, instruction and guidance, mental pain and suffering, medical and funeral expense, and loss of prospective net accumulations.

57. As a direct and proximate cause of Dr. PAGAN's deliberate indifference to Ms. THIBAULT's serous medical needs, Ms. THIBAULT personally suffered severe pain and emotional distress up to the time of her death and the loss of enjoyment of life as a result of her death.

WHEREFORE, Plaintiff ANGEL PERRONE, demands judgment against Defendant Dr. CARLOS GONZALEZ PAGAN, individually, for:

(a) Actual and compensatory damages;

(b) Punitive damages;

(c) An award of attorney's fees and costs;

(d) Any other relief this Court deems just and proper.

## COUNT II
## 42 U.S.C. §1983: DELIBERATE INDIFFERENCE
(Defendant Redmond)

58. Paragraphs 1 through 47 above are adopted and incorporated by reference herein.

59. Defendant REDMOND, acting under color of state law, failed to provide or secure adequate medical care and treatment to Ms. THIBAULT.

60. Defendant REDMOND was deliberately indifferent towards Ms. THIBAULT's serious medical needs by failing to provide or secure adequate medical care and treatment despite actual knowledge of Ms. THIBAULT's serious medical conditions and needs.

61. Defendant REDMOND was subjectively aware of the risk of death or serious harm to Ms. THIBAULT. Ms. THIBAULT presented classic symptomology for acute pneumonia during Defendant REDMOND's examination, including unusually high respiratory levels and coughing green phlegm. Furthermore, acute pneumonia is a common and highly treatable illness in a prison setting and Defendant REDMOND was aware that Ms. THIBAULT had not received a pneumonia vaccination.

62. Despite having knowledge of this risk, Defendant REDMOND acted with deliberate indifference by failing to take any steps to diagnose or treat the acute respiratory condition that Ms. THIBAULT presented. Defendant REDMOND's deliberate indifference is demonstrated by the numerous failures to provide basic medical care for a person presenting with respiratory issues, including failure to ensure Ms. THIBAULT actually received the medication she was prescribed, failure to perform a chest X-ray or oxygen saturation test, failure to schedule timely follow up care with a respiratory clinic, and failure to secure immediate emergency medical care upon learning that Ms. THIBAULT exhibited clear symptomology of acute pneumonia.

63. Defendant REDMOND's deliberate indifference to MS. THIBAULT's needs violated Ms. THIBUALT's due process rights under the Eighth Amendment to the United States Constitution.

64. Defendant REDMOND's actions and/or omissions were done with malice and/or reckless indifference to Ms. THIBAULT's federally protected rights.

65. As a direct and proximate result of Defendant REDMOND's deliberate indifference to Ms. THIBAULT's serious medical needs, Ms. THIBAULT died.

66. As a direct and proximate cause of Defendant REDMOND's deliberate indifference to Ms. THIBAULT's serious medical needs, ANGEL PERRONE, as personal representative of the Estate of RITA THIBAULT, as well as on behalf of Ms. THIBAULT's survivors, suffered damages, including, but not limited to, lost support and services, lost parental companionship, instruction and guidance, mental pain and suffering, medical and funeral expense, and loss of prospective net accumulations.

67. As a direct and proximate cause of Defendant REDMOND's deliberate indifference to Ms. THIBAULT's serous medical needs, Ms. THIBAULT personally suffered severe pain and

emotional distress up to the time of her death and the loss of enjoyment of life as a result of her death.

WHEREFORE, Plaintiff ANGEL PERRONE, demands judgment against Defendant CRYSTAL REDMOND, individually, for:

(a) Actual and compensatory damages;

(b) Punitive damages;

(c) An award of attorney's fees and costs;

(d) Any other relief this Court deems just and proper.

## COUNT III
## 42 U.S.C. §1983: DELIBERATE INDIFFERENCE
### (Defendant Centurion of Florida, LLC)

68. Paragraphs 1 through 47 above are adopted and incorporated by reference herein.

69. Defendants PAGAN and REDMOND, acting pursuant to their employment or agency relationship with CENTURION and acting under color of state law, failed to provide or secure adequate medical care and treatment to Ms. THIBAULT.

70. Defendants PAGAN and REDMOND were deliberately indifferent towards Ms. THIBAULT's serious medical needs by failing to provide or secure adequate medical care and treatment despite actual knowledge of Ms. THIBAULT's serious medical conditions and needs.

71. Defendants PAGAN and REDMOND were subjectively aware of the risk of death or serious harm to Ms. THIBAULT. Ms. THIBAULT presented classic symptomology for acute pneumonia during their examination, including unusually high respiratory levels and coughing green phlegm. Furthermore, acute pneumonia is a common and highly treatable illness in a prison setting and Defendants REDMOND and PAGAN were aware that Ms. THIBAULT had not received a pneumonia vaccination.

72. Despite having knowledge of this risk, Defendants GONZALEZ and REDMOND acted with deliberate indifference by failing to take any steps to diagnose or treat the acute respiratory condition that Ms. THIBAULT presented. Defendant GONZALEZ and REDMOND and deliberate indifference is demonstrated by the numerous failures to provide basic medical care for a person presenting with respiratory issues, including failure to ensure Ms. THIBAULT actually received the medication she was prescribed, failure to perform a chest X-ray or oxygen saturation test, failure to schedule timely follow up care with a respiratory clinic, and failure to secure immediate emergency medical care upon learning that Ms. THIBAULT exhibited clear symptomology of acute pneumonia.

73. Defendants PAGAN and REDMOND's actions and omissions with respect to MS. THIBAULT's medical care were caused by policies and widespread practices of CENTURION that were deliberately indifferent to the serious medical needs of inmates at Lowell CI and Florida's prison system at large.

74. Defendant CENTURION delegated final policy making authority to Defendants PAGAN and REDMOND, as their decisions relating to Ms. THIBAULT's healthcare were not immediately or effectively reviewable.

75. Additionally, and alternatively, CENTURION, its agents and employees, acting within their authority under color of state law, instituted and followed customs, practices, and/or policies which directly resulted in the deliberate indifference toward Ms. THIBAULT's serious medical needs, which were the moving force causing her injuries. CENTURION has a widespread custom and practice of failing to provide constitutionally adequate medical care to inmates in the Florida corrections system. By failing to discipline its medical staff for deliberate indifference as to

Ms. THIBAULT's medical care, Defendant CENTURION ratified the decisions of Defendants GONZALEZ and REDMOND, thus constituting an official practice, custom, or policy.

76. Defendants CENTURION's deliberate indifference to MS. THIBAULT's needs violated Ms. THIBUALT's due process rights under the Eighth Amendment to the United States Constitution.

77. Defendant CENTURION's actions and/or omissions were done with malice and/or reckless indifference to Ms. THIBAULT's federally protected rights.

78. As a direct and proximate result of Defendant CENTURION's deliberate indifference to Ms. THIBAULT's serious medical needs, Ms. THIBAULT died.

79. As a direct and proximate cause of Defendant CENTURION's deliberate indifference to Ms. THIBAULT's serious medical needs, ANGEL PERRONE, as personal representative of the Estate of RITA THIBAULT, as well as on behalf of Ms. THIBAULT's survivors, suffered damages, including, but not limited to, lost support and services, lost parental companionship, instruction and guidance, mental pain and suffering, medical and funeral expense, and loss of prospective net accumulations.

80. As a direct and proximate cause of Defendant CENTURION's deliberate indifference to Ms. THIBAULT's serous medical needs, Ms. THIBAULT personally suffered severe pain and emotional distress up to the time of her death and the loss of enjoyment of life as a result of her death.

**COUNT IV**
**STATE LAW CLAIM: WRONGFUL DEATH**
**(Centurion of Florida, LLC)**

81. Paragraphs 1 through 47 above are adopted and incorporated by reference herein.

82. Plaintiff has satisfied all conditions precedent to bringing this action by completing a pre-suit investigation and serving Defendant with timely written notice of intent to initiate litigation for medical negligence, pursuant to §§766.106 and 766.203, Fla. Stat. (2019).

83. Defendant CENTURION owed Ms. THIBAULT a duty of reasonable care in providing medical care to her while she was incarcerated as an inmate at Lowell Correctional Institution.

84. Defendant CENTURION breached that duty of care by failing to provide adequate medical treatment.

85. The proximate cause of Ms. THIBAULT's damages was the negligent action and/or omissions of Defendant CENTURION, acting through its agents and/or employees.

86. As a direct and proximate result of the foregoing Ms. THIBAULT died.

87. Plaintiffs notified Defendant on September 6, 2019 by certified mail, return receipt requested, of Plaintiff's intent to initiate litigation for medical malpractice. The notice included a verified written medical expert opinion corroborating reasonable grounds to support the claim of medical negligence.

88. The undersigned attorney certifies that reasonable investigation has been made as permitted by the circumstances to determine that grounds exist for a good faith belief there has been negligence in the care or treatment of Ms. THIBAULT. The investigation gave rise to a good faith belief that grounds exist for an action against Defendant CENTURION.

89. As a direct and proximate cause of Defendant CENTURION's medical negligence, through its agents and employees, ANGEL PERRONE, as personal representative of the estate of RITA THIBAULT, as well as on behalf of Ms. THIBAULT's survivors, suffered damages, including, but not limited to, lost support and services, lost parental companionship, instruction and

guidance, mental pain and suffering, medical and funeral expense, and loss of prospective net accumulations.

WHEREFORE, Plaintiff, ANGEL PERRONE, demands judgment against Defendant CENTURION OF FLORIDA, LLC for:

(a) Actual and compensatory damages;

(b) Punitive damages;

(c) Any other relief this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial by jury on all issues so triable.

DATED this 28th day of January 2020.

        Respectfully submitted,

        */s/ Jesse B. Wilkison*
Wm. J. Sheppard, Esquire
Florida Bar No.: 109154
Elizabeth L. White, Esquire
Florida Bar No.: 314560
Matthew R. Kachergus, Esquire
Florida Bar No.: 503282
Bryan E. DeMaggio, Esquire
Florida Bar No.: 55712
Jesse B. Wilkison, Esquire
Florida Bar No.: 118505
Camille E. Sheppard, Esquire
Florida Bar No.: 124518
Sheppard, White, Kachergus & DeMaggio, P.A.
215 Washington Street
Jacksonville, Florida 32202
Telephone:    (904) 356-9661
Facsimile:    (904) 356-9667
Email:        sheplaw@sheppardwhite.com
COUNSEL FOR PLAINTIFF

        */s/ Christopher W. Wickersham, Jr.*
Christopher W. Wickersham Jr., Esquire
Florida Bar No.: 91703
Law Offices of C. W. Wickersham Jr, P.A.
The Whiteway Building, Suite 205
2720 Park Street,
Jacksonville, FL 32205
Office:    904-389-6202
Fax:       904-389-6204
Email:     pleadings@chriswickersham.com
COUNSEL FOR PLAINTIFF

lr[thibault.rita.complaint]