UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ANGEL PERRONE, as personal
representative of the Estate of
Rita Thibault and on behalf of her survivors,

        Plaintiff,

v.                                                          Case No. 5:20-cv-32-Oc-VMC-PRL

CENTURION OF FLORIDA, LLC, et al.,

        Defendants.

## ORDER

This matter is before the Court on the parties' Joint Unopposed Motion for Extension of Deadlines and Trial Continuance. (Doc. 29.) The parties were previously granted a 90-day extension of the deadlines in this case (Doc. 25) and now seek an additional 60-day continuance. For the reasons discussed below, the motion is due to be denied.

On June 25, 2020, following a scheduling conference, the Court entered a Case Management and Scheduling Order setting, *inter alia*, a discovery deadline of April 9, 2021; a dispositive motion deadline of May 7, 2021; and for the trial term beginning September 7, 2021. (Doc. 13.) During both the scheduling conference and in the Case Management and Scheduling Order, the Court advised counsel that extensions of time were disfavored. *Id.* Despite this, the Court on April 13, 2021, granted an extension of time and entered an Amended Case Management and Scheduling Order (Docs. 25, 26) extending the discovery deadlines 90 days to July 9, 2021; the dispositive motion deadline to August 9, 2021; and setting the case for the trial term beginning December 6, 2021. The Court advised the parties that no further extensions would be granted absent exigent circumstances. (Doc. 26.)

The parties now jointly move to extend the deadlines in this case an additional 60 days. In support, the parties state that due to delays related to COVID-19, they will be unable to depose a key expert witness until August 2021. The motion is due to be denied. The parties

have failed to demonstrate good cause for the requested extension. The Case Management and Scheduling Order—entered over a year ago—specifically states: "Motions to extend the dispositive motions deadline or to continue the trial are generally denied. See Local Rule 3.05(c)(2)(E). The Court will grant an exception only when necessary to prevent manifest injustice." (Doc. 13 at II(B)(1). The Order further states: "Motions for an extension of other deadlines established in this order, including motions for an extension of the discovery period, are disfavored. The deadline will not be extended absent a showing of good cause. Fed. R. Civ. P. 16(b); Local Rule 3.09(a).[1] Failure to complete discovery within the time established by this Order shall not constitute cause for continuance." *Id.* at II(B)(2).

A case management and scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "This good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *See Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (*per curiam*) (internal quotation marks omitted). The Court previously granted a 90-day extension of the deadlines in this case and the parties have not shown that good cause exists or that granting the extension will prevent manifest injustice. The case has been pending since January 2020, and the parties have had ample time to comply with the deadlines previously established by the Court, especially in light of the previous 90-day extension of time.

Accordingly, it is hereby ORDERED that the second motion to extend deadlines and trial term (Doc. 29) is DENIED.

ORDERED at Ocala, Florida, on June 30, 2021.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

---

[1] Effective February 1, 2021, this Local Rule was reorganized and modified. Local Rule 3.08 now governs continuances.

Copies:

Counsel of Record